IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IVAN O'NEAL, on behalf of himself and all other similarly situated persons<br>　　Plaintiff,<br><br>v.<br><br>EAGLE MARINE CONTRACTING, LLC<br>d/b/a EM CONTRACTING and<br>d/b/a EM CONTRACTING LLC,<br>RAPHAEL G. BURCHFIELD,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 16-cv-00401-KD-B<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Defendant's notice of full payment and motion to dismiss Plaintiff's complaint (Doc. 4), Plaintiff's response in opposition (Doc. 10), and Defendant's reply (Doc. 11). As detailed herein, on or before **October 12, 2016**, the parties are directed to amend and/or supplement their filings as set out. The matter is set for hearing on **October 18, 2016** at **2:30 p.m.**

**I.    Background**

On August 1, 2016, Plaintiff Ivan O'Neal ("Plaintiff") filed a Fair Labor Standards Act ("FLSA") collective action complaint on behalf of himself and others similarly situated. (Doc 1). Plaintiff sought unpaid overtime wages, liquidated damages, and other relief. *Id*.

On August 26, 2016, Defendants filed notice of full payment and motion to dismiss Plaintiff's complaint, explaining that they denied liability, but had deposited amounts into Plaintiff's bank account representing the full amounts of unpaid compensation and liquidated damages to which he made claim. (Doc. 4). Defendants also stated that they agreed to pay reasonable costs and attorneys' fees incurred in connection with the action. Based on this,

Defendants claimed Plaintiff's claims were moot and due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 4 at 4-5). Plaintiff opposes Defendants' motion, arguing that the matter is not moot as "it is not 'impossible for a court to grant any effectual relief whatever to the prevailing party'" and that the Plaintiff "has a 'concrete interest' in the outcome of the litigation." (Doc. 10 at 9 (internal quotes not attributed in the original)).

**II.   Analysis**

In *Genesis Healthcare Corp. v. Symczyk,* the Court, in distinguishing a collective action from a class action, held that when a plaintiff's individual FLSA claim is moot[1], the collective-action allegations do not keep the suit alive. 133 S. Ct. 1523 (2013). Specifically, the Court held:

> In the absence of any claimant's opting in, [Plaintiff's FLSA] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action. While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and "other employees similarly situated," 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied.

*Id*. at 1529 (2013).

However, whether a Rule 68 offer of judgment for the full amount of the claims moots the plaintiff's case was not address in *Genesis*.  That question was addressed earlier this year, when the United States Supreme Court decided *Campbell-Ewald Co. v. Gomez,* holding that a plaintiff's Rule 23 class action complaint "was not effaced by [Defendant's] unaccepted [Rule 68] offer to satisfy his individual claim." 136 S. Ct. 663, 670 (2016), *as revised* (Feb. 9, 2016). Defendants allege they have made[2] and Plaintiff has declined to accept a Rule 68 offer of

---

[1] In *Genesis*, the Third Circuit had previously determined that an unaccepted Rule 68 offer of judgment, which provided full relief to the Plaintiff, mooted her individual claims. Relying on the Third Circuit's determination, the Supreme Court assumed without deciding that the defendant's Rule 68 offer mooted the plaintiff's individual claim. *Genesis* at 1529.

[2] The parties disagree as to whether a Rule 68 offer was actually made. (Compare Doc. 10 at 8 with Doc. 11 at 4-5).

judgment. Pursuant to *Gomez*, an unaccepted offer of judgment that would satisfy a plaintiff's claims does not render the matter moot. *Gomez* at 670.

But, the Court in *Gomez* left open the question of how a plaintiff's claim could become moot. In concluding its opinion, the Court observed:

> We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount. That question is appropriately reserved for a case in which it is not hypothetical.

*Id*. at 672.

Defendants have attempted to effectuate the above quoted hypothetical suggested in *Gomez*. That is, Defendants have deposited what they claim is the "full amount of plaintiff's claim" into Plaintiff's account. *Gomez* at 672. They have also offered to pay costs and reasonable attorneys' fees.

There are two questions before the Court then: 1) Whether the deposit made into Plaintiff's bank account equals the claimed amounts of unpaid overtime compensation and liquidated damages; and 2) whether, if the deposit and offer to pay Plaintiff costs and reasonable attorneys' fees fully compensate the Plaintiff, his case is moot.

It appears that Plaintiff does not dispute (or confirm) that his claim for unpaid overtime compensation and liquidated damages is satisfied. (Doc. 10 at 9). Rather, Plaintiff states that Defendants have not paid costs or attorneys' fees, thus the matter is not moot (Doc. 10 at 9, 14). Before determining whether plaintiff's claim is kept alive based on his claim for attorneys' fees, costs and injunctive relief, the Court requires clarification whether there is a dispute as to the amount of unpaid overtime compensation and liquidated damages.

**III.     Conclusion**

Upon consideration of the foregoing, Plaintiff is **ORDERED** to file, on or before **October 12, 2016**, an amended response clarifying whether he has been fully compensated for his claim of unpaid overtime compensation and liquidated damages. If Plaintiff's position is that Defendants' direct deposit did not fully compensate him for his claimed amounts of unpaid overtime compensation and liquidated damages, Plaintiff shall state what amounts he claims he is owed for unpaid overtime compensation and liquidated damages.

**This matter is set for hearing October 18, 2016 at 2:30 p.m. in Courtroom 5A, U.S. District Court for the Southern District of Alabama, 113 St. Joseph Street, Mobile, Alabama, 36602.**

**DONE** and **ORDERED** this **5**$^{th}$ day of **October 2016.**

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**