IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IVAN O'NEAL, on behalf of himself and all other similarly situated persons<br>    Plaintiff,<br><br>v.<br><br>EAGLE MARINE CONTRACTING, LLC d/b/a EM CONTRACTING and d/b/a EM CONTRACTING LLC, RAPHAEL G. BURCHFIELD,<br>    Defendants. | CIVIL ACTION NO. 16-cv-00401-KD-B |

**ORDER**

This matter is before the Court on the parties' Amended Joint Motion for Conditional Certification. (Doc. 21). On August 1, 2016, Plaintiff Ivan O'Neal filed a collective action complaint on behalf of himself and others similarly situated, against Defendants Eagle Marine Contracting, LLC and Raphael Burchfield, alleging that Plaintiffs were underpaid for overtime hours in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). (Doc. 21 at 1-2). Section 216(b) of the FLSA, provides that an action to recover unpaid minimum wage or overtime compensation "may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).[1]

On November 8, 2016, the parties filed an Amended Joint Motion for Conditional Certification. (Doc. 21). The Eleventh Circuit Court of Appeals has sanctioned a two tiered procedure for determining whether to certify an opt-in class pursuant to 29 U.S.C. § 216(b). *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 951-53 (11th Cir. 2007)(explaining the first and second

---

[1] "[I]n an FLSA action, a party-plaintiff must opt into an action, whereas in a Rule 23(b)(3) class action, all qualifying class members become party-plaintiffs unless they opt out". *De Leon-Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1219 (11th Cir. 2007).

stage of the process of determining whether a collective action was proper). In *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008) the Court reiterated the established procedure:

> The first step of whether a collective action should be certified is the notice stage. Here, a district court determines whether other similarly situated employees should be notified. A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. We have described the standard for determining similarity, at this initial stage, as "not particularly stringent," "fairly lenient," "flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)."
>
> ...
>
> The second stage is triggered by an employer's motion for decertification. At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity. This second stage is less lenient, and the plaintiff bears a heavier burden.

*Id.* at 1260-61.

At this juncture in the litigation, this Court's focus is on the notice stage and accordingly, the analysis will be restricted to the first tier of the procedure. "[A]t the initial [notice] stage the district court's decision to certify a class is based primarily on pleadings and affidavits," such that the court should adopt a "fairly lenient standard for determining whether the plaintiffs are truly similarly situated." *Anderson*, 488 F.3d at 953. *See also Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1218 (11th Cir. 2001) (Because the court has minimal evidence, this [initial] determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class," such that "putative class members are given notice and the opportunity to opt-in" and the action proceeds as a representative action in discovery.) Plaintiffs must demonstrate a "reasonable basis for their claim of classwide discrimination." *Id.* at 1219 (citation omitted). However, it is well settled that the plaintiff's burden at this initial stage "is not heavy." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir.1996). Plaintiffs

may meet their burden "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.*

Here, the parties have stipulated that Plaintiff has met this initial burden. Specifically, the joint motion states:

> The parties stipulate that Plaintiff O'Neal can meet the lenient standard required for conditional certification. In addition, the parties believe that conditional certification and sending of notice to potential opt-in plaintiffs will promote and facilitate early resolution of this case by settlement. If the case does not settle, Defendant reserves the right to seek to have the collective action decertified at the conclusion of discovery.

(Doc. 21 at 3, ¶ 4). Further, as outlined in the joint motion:

> Defendant agrees to provide Plaintiffs counsel a list of all current and former employees in the putative class with last known addresses. That list will be provided by November 15, 2016. Plaintiffs['] counsel will send notice to the putative class by December 1, 2016. Putative class members shall have until January 31, 2017 to opt-in to the case by returning a Consent Form to Plaintiffs counsel, which Plaintiffs['] counsel shall file with the Court…After January 31, 20 17, the parties agree to engage in good faith settlement negotiations. The parties will present a motion to approve settlement to the Court by February 28, 2017. If the case does not settle by that date, the parties will file a supplemental Rule 26 Report with agreed-upon deadlines.

(Doc. 21 at 3-4, ¶¶ 6-7). Upon consideration of the stipulation, as well as the record in this case, the Court motion for conditional certification is **GRANTED**.

**DONE** and **ORDERED** this **16th** day of **November 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**